NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ANDREAS PLONKA,

            Plaintiff,

v.

H&M INTERNATIONAL
TRANSPORTATION INC.,

           Defendant.

Civ. No. 14-1029

OPINION

THOMPSON, U.S.D.J.

INTRODUCTION

This matter has come before the Court on Defendant's Motion for Summary Judgment. (ECF. No. 33). Plaintiff opposes the Motion. (ECF No. 34). The Court has decided the Motion after considering the parties' written submissions and without oral argument pursuant to Local Civil Rule 78.1(b). For the following reasons, Defendant's Motion will be granted.

BACKGROUND

Plaintiff, Mr. Andreas Plonka, a resident of Susquehanna, Pennsylvania who is proceeding *pro se* in this case, first filed his complaint against Defendant H&M International Transportation in New Jersey state court in November 2013. (ECF. No. 1, Notice of Removal, at ¶ 1). Plaintiff then filed a First Amended Complaint in December 2013. (*Id*. at ¶ 2). Defendant, a transportation company headquartered in New Jersey, then removed the case to federal court in February of 2014 pursuant to 28 U.S.C. § 1446 on the basis of diversity jurisdiction under 28 U.S.C. § 1332. (*Id.* at ¶¶ 4–12). Plaintiff then filed a Second Amended Complaint ("SAC") in September 2014. (ECF No. 15). After conducting discovery, Defendant now moves for summary judgment. (ECF No. 33).

Defendant operates a Centralized Examination Station ("CES") in Kearny, New Jersey where U.S. Customs and Border Protection ("CBP") can inspect containers being imported into the United States. (ECF No. 33, Def.'s Statement of Facts, at ¶¶ 1–2, 4, 6). Plaintiff's container arrived in the United States sometime in October or November of 2012. (*Id*. at ¶ 5). On November 6, 2012, CBP notified Defendant that it had selected Plaintiff's container for inspection. (*Id*. at ¶ 6). The container was transported to Defendant's CES, and, per CBP's instruction, it was subjected to a non-invasive x-ray inspection on November 7. (*Id*. at ¶ 7). After it received the results of that inspection, CBP ordered Defendant to "devan," meaning to completely unpack, Plaintiff's container for an invasive inspection. (*Id*. at ¶ 8). Defendant's employee Richard Werkmeister oversaw the devanning and repacking of Plaintiff's container. (*Id*. at ¶ 12). Because of the poor packing conditions, the devanning process took fifty-six hours to complete and six days to repack. (*Id*. at ¶¶ 9, 11). The container was then picked up from Defendant's CES by a third-party carrier called Atlantic Star Shipping. (*Id*. at ¶ 13). Plaintiff claims that when the container was delivered to him in Susquehanna, Pennsylvania, many of the objects in the container were broken and damaged, and that some objects that he had packed in the container had been stolen. (*Id*. at ¶ 14). Plaintiff admits that he and his son personally packed the container at its point of origin and that he did not document the conditions of the container or its contents before it was sealed. (ECF No. 33-12, Pl.'s Resp. to Def.'s Req. for Admis., at ¶¶ 1–2, 4, 6).

LEGAL STANDARD

A district court shall grant a motion for summary judgment as to any claim or defense, "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Thus, summary judgment is appropriate where the Court is satisfied that "'the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56).

An issue is "genuine" if it is supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit. *Id*. "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Id*. at 247–48 (emphasis in original).

In a motion for summary judgment, the moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See* Fed. R. Civ. P. 56(c)(1), (4); *Celotex*, 477 U.S. at 323 ("[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any' which it believes demonstrate the absence of a genuine issue of material fact." (citation omitted)); *see also Singletary v. Pa. Dept. of Corr.*, 266 F.3d 186, 192 n.2 (3d Cir. 2001) ("Although the initial burden is on the summary judgment movant to show the absence of a genuine issue of material fact, 'the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case' when the nonmoving party bears the ultimate burden of proof." (*citing Celotex*, 477 U.S. at 325)).

Once the party moving for summary judgment has made the initial showing of the basis of the motion, the nonmoving party must identify, by affidavits or otherwise, specific facts

3

showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324. "[T]he non-moving party, to prevail, must 'make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Cooper v. Sniezek*, 418 F.App'x 56, 58 (3d Cir. 2011) (citing *Celotex*, 477 U.S. at 322). Thus, to withstand a properly supported motion for summary judgment, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citations omitted). Instead, the non-moving party must "go beyond the pleading and by [its] own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324; *see also Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990) ("The object of [the Rule] is not to replace conclusory allegations of the complaint . . . with conclusory allegations of an affidavit."); *Anderson*, 477 at 249; *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992), *cert. denied*, 507 U.S. 912 (1993) ("To raise a genuine issue of material fact, . . . the opponent need not match, item for item, each piece of evidence proffered by the movant," but must "exceed[] the 'mere scintilla' threshold and . . . offer[] a genuine issue of material fact.").

"In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the nonmoving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (citing *Anderson*, 477 U.S. at 255). Here, Plaintiff is proceeding *pro se*, and thus the Court has an obligation to construe his pleadings liberally; however, that obligation "does not render immune from . . . summary judgment claims that lack procedural or factual viability." *Metsopulos v. Runyon*, 918 F.Supp. 851, 857 (D.N.J. 1996); *King v. Cuyler*, 541 F.Supp. 1230, 1232 (E.D. Pa. 1982).

ANALYSIS

Though the SAC does not state explicit causes of action, it appears that Plaintiff is attempting to state claims against Defendant as bailee for conversion and negligence. "A bailment arises when a person leaves his chattel on the premises of another 'if the latter is given primary control of the chattel for the time being.'" *LaPlace v. Briere*, 962 A.2d 1139, 1146 (N.J. Sup. Ct. App. Div. 2009) (quoting *Moore's Trucking Co. v. Gulf Tire & Supply Co.*, 18 N.J. Super 467, 469–70 (N.J. Sup. Ct. App. Div. 1952). "A bailee commits the tort of common law conversion when it commits an 'unauthorized act of dominion over the bailor's property inconsistent with its rights in that property. A bailee's intentional or negligent conduct can give rise to a claim of conversion, even though it acted in good faith. For example, a bailee will be liable for conversion due to its negligent conduct if the bailee 'mistakenly destroys or disposes of the goods." *LaPlace*, 962 A.2d at 1148 (N.J. Sup. Ct. App. Div. 2009) (quoting *Lembaga Enters., Inc. v. Cace Trucking & Warehouse, Inc.*, 320 N.J. Super 501, 507 (N.J. Sup. Ct. App. Div. 1999).

In order to establish the prima facie case of conversion, the bailor must offer proof of delivery of the goods in question to the bailee and proof that the bailee failed to return those goods upon demand by the bailor. *LaPlace*, 962 A.2d at 1148. After the bailee makes this prima facie showing, the burden shifts to the bailee to offer proof showing what happened to the goods. *Id*. If the bailee is able to offer such proof, then the burden shifts back to the bailor to prove that bailee is, in fact, responsible for the conversion. *Id*. The elements for proving negligence by a bailee are similar: in bailment for mutual benefit, the bailee has a duty to exercise reasonable care towards the goods entrusted to him, and if the goods that the bailor delivers to the bailee are damaged while in the bailee's care, the bailee will be presumed to have been negligent. *Id.* at 1149. However, if the bailee can point to evidence showing that either he did not cause the

damage to the goods or that he exercised reasonable care, the burden shifts back to the bailor to prove that the bailee was negligent. *Id*.

Here, Plaintiff has failed to make the prima facie case for conversion and negligence. Plaintiff has filed an opposition to Defendant's summary judgment motion, but he does not follow any of the procedures outlined in Federal Rule of Civil Procedure 56(c)(1) in disputing the facts that Defendant asserts. Rule 56(c)(1) states:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

None of the eight assertions Plaintiff makes in his opposition cite to materials in the record that establish what specific goods were first delivered to Defendant and then were either not delivered back to Plaintiff or were delivered back to Plaintiff damaged or destroyed. Accordingly, Plaintiff has failed to support the prima facie case for conversion or negligence with citations to the evidentiary record.

Even if Plaintiff were able make the prima facie showing of conversion and negligence, Defendant has adequately met its burden of citing evidence that shows that Defendant is not responsible for any theft or damage that may have occurred to Plaintiff's goods. Defendant has submitted the affidavit of Richard Werkmeister ("Werkmeister"), the Vice-President of Warehouse and Distribution of Defendant H&M International Transportation, Inc. In this affidavit, Mr. Werkmeister states that he has been working for Defendant for twenty-five years; that Plaintiff's container was not properly packed for trans-Atlantic shipping; that Plaintiff's container was in "the worst condition [Werkmeister had] ever personally observed after 25 years in the shipping industry;" that

6

the poor packing condition of Plaintiff's container required Defendant to first devan the container, which took fifty-six hours to complete, whereas devanning of a similar-sized container usually takes only four hours; that Defendant then had to repack the container using proper methods, which took six days to complete; and that the container was then picked up by a third-party carrier called Atlantic Star Shipping. (ECF No. 33-3, Werkmeister Aff., at ¶¶ 2, 9–13). Werkmeister also states that the pictures Defendant submitted in Exhibit I are copies of photographs taken of Plaintiff's container before it was unpacked, and that the pictures in Exhibit J are copies of photographs taken after Defendant had repacked the container. (*Id.* at ¶¶ 14–15). The pictures in Exhibit I show that the contents of the container were extremely disorganized and capable of moving around the container during transit. The pictures in Exhibit J show that the container has been repacked in a much more organized manner.

In combination, Werkmeister's statements and the pictures of the container before and after repacking rebut the presumption that Plaintiff's goods were destroyed or damaged by Defendant's actions. The evidence Defendant points to indicates that Plaintiff's goods were damaged either before they were entrusted to Defendant or after they left Defendant's control. Additionally, Defendant's evidence supports the conclusion that Defendant used reasonable care in repacking Plaintiff's container, and that if Plaintiff's goods were damaged or destroyed after Defendant repacked them, such damage resulted from the fact that Plaintiff had packed them in such an unsecure manner in the first place. Defendant's evidence alone does not necessarily prove these facts, but it would certainly be sufficient to rebut Plaintiff's prima facie case had Plaintiff properly made the prima facie case. *See Potomac Aviation, LLC v. Port Authority of New York and New Jersey*, 994 A.2d 536, 542–43 (N.J. Sup. Ct. App. Div. 2010); *LaPlace*, 962 A.2d at

1149. With the presumption of conversion and negligence rebutted, the burden would shift back to Plaintiff, but Plaintiff has offered no evidence whatsoever to prove how Defendant caused his property to be destroyed, damaged, or stolen. Accordingly, the Court will grant summary judgment to Defendant.

## CONCLUSION

For the foregoing reasons, Defendant's Motion will be granted. An appropriate order will follow.

                                                                  */s/ Anne E. Thompson*
                                                                 ANNE E. THOMPSON, U.S.D.J.